## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## LUFKIN DIVISION

FILED-CLERK
U.S. DISTRICT COURT

2007 APR 19  PM 4: 47

TX EASTERN-MARSHALL

| | |
|---|---|
| ARIBA, INC., a Delaware corporation, § § § | BY_____ |
| Plaintiff, § § § | Case No. 9 - 0 7 C V - 9 0 RC |
| v. § § | JURY |
| EMPTORIS, INC., a Delaware corporation, § § § | |
| Defendant. § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Ariba, Inc., for its complaint against Emptoris, Inc., alleges as follows:

### THE PARTIES

1.      Plaintiff Ariba, Inc. ("Ariba") is a Delaware corporation having its principal place of business at 807 11th Avenue, Sunnyvale, CA 94089.

2.      Upon information and belief, Emptoris, Inc. ("Emptoris" or "Defendant") is a Delaware corporation having its principal place of business at 200 Wheeler Road, Burlington, MA 01803.

### JURISDICTION AND VENUE

3.      The Court has jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338(a), in that this action arises under the patent laws of the United States (35 U.S.C. §§ 1, *et seq*.).

4.    Ariba is informed and believes that Emptoris sells and/or offers for sale its services and products within the State of Texas, including the Eastern District of Texas. The Defendant maintains a registered agent for service in Kerrville, Texas.

5.    Ariba is further informed and believes that Emptoris has entered into a strategic alliance with a company in the Eastern District of Texas for the design and sale of infringing products, and thus that at least some of the acts of infringement occurred in this district.

6.    The Defendant is therefore a resident of this District pursuant to 28 U.S.C. § 1391(c), and venue exists pursuant to 28 U.S.C. § 1391(b).  .

## FACTUAL ALLEGATIONS

7.    Among the most important elements of commerce are the methods by which companies find sources for the necessary goods and services they must procure to be in business.    These goods and services span capital goods, operational items, transportation, professional services, sub-components and/or raw materials needed to develop and manufacture a product or provide a service.  Historically, companies were limited in their ability to efficiently procure supplies, relying often on personal relationships and informal non-competitive solicitation.    Ariba, formed in 1996, addressed these limitations through a series of inventions that made business-to-business sourcing more flexible and, therefore, more efficient.  Ariba has obtained patents duly issued by the United States Patent and Trademark Office on its sourcing inventions.

8.    Emptoris was founded in 1999 and offers sourcing, supply management and contract management products that directly compete with Ariba's patented sourcing

products. Emptoris' products contain features of the inventions contained in Ariba's patents and infringe each of these patents.

9.     Emptoris' infringement has deprived Ariba of sales of its business-to-business sourcing products and has damaged the value of Ariba's intellectual property. On information and belief, Emptoris has appropriated Ariba's customers using sourcing solutions patented by Ariba and thus exploit Ariba's investment in research and development of its patented solutions. Emptoris' continuing infringement deprives Ariba of its rightful customers and is continuing to damage Ariba and cause it irreparable harm.

### ARIBA'S E-COMMERCE PATENTS

10.     On April 10, 2001, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,216,114 ("the '114 patent") entitled "Method And System For Controlling The Initiation And Duration Of Overtime Intervals In Electronic Auctions" to Marc Alaia, David Becker, Anthony Bernard, Daniel Heckmann, Sam E. Kinney, Glen T. Meakem, Vincent F. Rago, Jason Reneau, Frederick W. Roberts, William D. Rupp, and Robert G. Stevens.

11.     Ariba is the owner by valid assignment of all rights, title, and interest in the '114 patent. A true and correct copy of the '114 patent is attached hereto as Exhibit A.

12.     On May 8, 2001, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,230,146 ("the '146 patent") entitled "Method And System For Controlling Closing Times Of Electronic Auctions Involving Multiple Lots" to Marc Alaia, David J. Becker, Anthony F. Bernard, Daniel C. Heckman, Sam E.

Kinney, Glen T. Meakem, Vincent F. Rago, Jason Reneau, Fredrick W. Roberts, William D. Rupp, and Robert G. Stevens.

13.    Ariba is the owner by valid assignment of all rights, title, and interest in the '146 patent. A true and correct copy of the '146 patent is attached hereto as Exhibit B.

14.    On June 18, 2002, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,408,283 ("the '283 patent") entitled "Method And System For Maintaining The Integrity of Electronic Auctions Using A Configurable Bid Monitoring Agent" to Marc Alaia, David J. Becker, Sam E. Kinney, Vincent F. Rago, William D. Rupp, and Robert G. Stevens.

15.    Ariba is the owner by valid assignment of all rights, title, and interest in the '283 patent. A true and correct copy of the '283 patent is attached hereto as Exhibit C.

16.    On December 24, 2002, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,499,018 ("the '018 patent") entitled "Method And System For Controlling Bidding In Electronic Auctions Using Bidder-Specific Bid Limitations" to Marc Alaia, David J. Becker, Sam E. Kinney, Jr., Vincent F. Rago, and William D. Rupp.

17.    Ariba is the owner by valid assignment of all rights, title, and interest in the '018 patent. A true and correct copy of the '018 patent is attached hereto as Exhibit D.

## COUNT I
## INFRINGEMENT OF UNITED STATES PATENT NO. 6,216,114

18.    Upon information and belief, Defendant has and continues to directly infringe, contributorily infringe, and induce the infringement of the '114 patent, in

4

violation of 35 U.S.C. § 271 and all causes of action thereunder, through activities related to its sourcing, supply management and contract management offerings, to the damage and injury of Ariba and its Sourcing Solutions.

19.    Ariba has marked its products with the '114 patent and has given notice to Defendant of its infringement of the '114 patent.

20.    Upon information and belief, the acts of infringement by Defendant of the '114 patent are willful, intentional, and in conscious disregard of Ariba's rights in the '114 patent.

21.    As a direct and proximate consequence of Defendant's infringement of the '114 patent, Ariba has suffered and will continue to suffer irreparable injury and damages in an amount not yet determined, for which Ariba is entitled to relief.

**COUNT II**
**INFRINGEMENT OF UNITED STATES PATENT 6,230,146**

22.    Upon information and belief, Defendant has and continues to directly infringe, contributorily infringe, and induce the infringement of the '146 patent, in violation of 35 U.S.C. § 271 and all causes of action thereunder, through activities related to its sourcing, supply management and contract management offerings, to the damage and injury of Ariba and its Sourcing Solutions.

23.    Ariba has marked its products with the '146 patent and has given notice to Defendant of its infringement of the '146 patent.

24.     Upon information and belief, the acts of infringement by Defendant of the '146 patent are willful, intentional, and in conscious disregard of Ariba's rights in the '146 patent.

25.     As a direct and proximate consequence of Defendant's infringement of the '146 patent, Ariba has suffered and will continue to suffer irreparable injury and damages in an amount not yet determined, for which Ariba is entitled to relief.

**COUNT III**
**INFRINGEMENT OF UNITED STATES PATENT NO. 6,408,283**

26.     Upon information and belief, Defendant has and continues to directly infringe, contributorily infringe, and induce the infringement of the '283 patent, in violation of 35 U.S.C. § 271 and all causes of action thereunder, through activities related to its sourcing, supply management and contract management offerings, to the damage and injury of Ariba and its Sourcing Solutions.

27.     Ariba has marked its products with the '283 patent and has given notice to Defendant of its infringement of the '283 patent.

28.     Upon information and belief, the acts of infringement by Defendant of the '283 patent are willful, intentional, and in conscious disregard of Ariba's rights in the '283 patent.

29.     As a direct and proximate consequence of Defendant's infringement of the '283 patent, Ariba has suffered and will continue to suffer irreparable injury and damages in an amount not yet determined, for which Ariba is entitled to relief.

6

## COUNT IV
## INFRINGEMENT OF UNITED STATES PATENT NO. 6,499,018

30.    Upon information and belief, Defendant has and continues to directly infringe, contributorily infringe, and induce the infringement of the '018 patent, in violation of 35 U.S.C. § 271 and all causes of action thereunder, through activities related to its sourcing, supply management and contract management offerings, to the damage and injury of Ariba and its Sourcing Solutions.

31.    Ariba has marked its products with the '018 patent and has given notice to Defendant of its infringement of the '018 patent.

32.    Upon information and belief, the acts of infringement by Defendant of the '018 patent are willful, intentional, and in conscious disregard of Ariba's rights in the '018 patent.

33.    As a direct and proximate consequence of Defendant's infringement of the '018 patent, Ariba has suffered and will continue to suffer irreparable injury and damages in an amount not yet determined, for which Ariba is entitled to relief.

### JURY DEMAND

34.    Pursuant to Fed. R. Civ. P. 38(b), Ariba requests a trial by jury.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Ariba prays for relief as follows:

A.    A judgment that Defendant has directly infringed, induced infringement, and/or contributed to the infringement of Ariba's '114, '146, '283, and '018 patents.

B.    A judgment permanently enjoining and restraining Defendant and its

subsidiaries, parents, officers, directors, agents, servants, employees, affiliates, attorneys and all others in active concert with them, from directly infringing, infringing by inducement, and/or contributing to the infringement of the '114, '146, '283, and '018, patents;

C.    A judgment that Defendant's various acts of infringement have been in willful, knowing, and deliberate disregard of Ariba's patent rights and requiring Defendant to pay damages under 35 U.S.C. § 284, including treble damages for willful infringements, with interest;

D.    A judgment awarding Ariba damages, including lost profits, adequate to compensate for Defendant's infringement, and in no event less than a reasonable royalty for Defendant's acts of infringement;

E.    A judgment awarding damages to Ariba for its costs, disbursements, and attorneys' fees incurred in prosecuting this action, with interest, including damages for an exceptional case pursuant to 35 U.S.C. § 285 and otherwise as provided by law;

F.    A judgment awarding Ariba pre-judgment and post-judgment interest on Ariba's damages as allowed by law; and

G.    Such other relief as the Court may deem just and equitable.

Respectfully submitted this 19th day of April, 2007.


_Annette Hurst_                by Permission - CRR
Annette L. Hurst
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA  94104-2878
Telephone:  (415) 772-6000
Facsimile:  (415) 772-6268


Carl R. Roth, TX Bar # 17312000
cr@rothfirm.com
Michael C. Smith, TX Bar #18650410
ms@rothfirm.com
THE ROTH LAW FIRM, P.C.
P.O. Box 876
Marshall, Texas 75671
Telephone:  (903) 935-1665
Facsimile:  (903) 935-1797

**ATTORNEYS FOR PLAINTIFF ARIBA, INC.**