IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| ARIBA, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | Civil Action No. 9:07-CV-90 |
| v. | § | |
| | § | |
| EMPTORIS, INC. | § | JUDGE RON CLARK |
| | § | |
| *Defendant*. | § | |
| | § | |

## ORDER DENYING DEFENDANT'S MOTION TO STAY

Before the court is Defendant's Motion to Stay [Doc. #17] seeking to stay this case until the United States Patent and Trademark Office ("PTO") concludes its *ex parte* reexamination of all of the patents-in-suit.

### I. Procedural History

On April 19, 2007, Plaintiff Ariba, Inc. ("Ariba") filed suit against Defendant Emptoris, Inc. ("Emptoris") alleging that Emptoris infringes United States Patent Nos. 6,499,018; 6,216,114; 6,230,146; and 6,408,283. These patents involve methods and systems for conducting electronic auctions.

On July 30, 2007, Emptoris filed its requests for *ex parte* reexamination with the PTO of all of the patents. On the same day, Emptoris moved the court to stay this litigation pending reexamination.

On October 10, 2007, the PTO vacated the requests for reexamination for failure to comply with 37 CFR 1.510. Specifically, the request papers did not include "[a] statement pointing out each substantial new question of patentability based on the cited patents and printed

publications," and "a detailed explanation of the pertinency and manner of applying the patents and printed publication to every claim for which reexamination is requested. The requests also failed to include a "certification that a copy of the request filed by a person other than the patent owner has been served in its entirety on the patent owner."

## II. Analysis

The court has the inherent power to control its own docket, including the power to stay proceedings. *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 166 (1936). How to best manage the court's docket "calls for the exercise of judgement, which must weigh competing interests and maintain an even balance." *Id*. at 254-55, 57 S.Ct. at 166. The moving party "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Id.* at 255, 57 S.Ct. at 166.

In deciding whether to stay litigation pending reexamination, this court considers: 1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party; 2) whether a stay will simplify the issues in question and trial of the case; and 3) whether discovery is complete and whether a trial date has been set. *EchoStar Technologies Corp. v. Tivo, Inc.,* 2006 WL 2501494 (E.D. 2006).

1. Prejudice or Disadvantage to Plaintiff

Emptoris argues that there will be no prejudice or disadvantage to Ariba because the litigation is in its early stages. Ariba states that the patents were issued in 1999, and a stay of any significant time will result in spoliation of evidence.

It is undisputed that the parties are direct competitors in the electronic auctions market. The PTO has vacated the requests for reexamination, so reexamination most likely will not even

begin until at least 3 months after the new request is filed. *See* 35 U.S.C. 303(a) and 312(a). Moreover, the PTO has not provided any definitive guidance on the length of time required for reexamination proceedings.[1] This court is mindful of the costs imposed by a lengthy stay, and a timely resolution of the issues will aid both party.

Under these circumstances, this factor weighs in favor of denying a stay.

2. Simplification of Case

Emptoris contends that reexamination will simplify issues for trial. Even if all of the patents were to end up in reexamination, the PTO only considers invalidity based on prior art. 35 U.S.C. §§ 301 and 311(b)(2). This means that the PTO does not consider infringement issues, or other grounds for invalidity. It will not address Emptoris' laches, estoppel and waiver defenses, which Emptoris states are key defenses in this case. Statistically, 90% of all reexaminations result in the confirmation of at least some of the claims in a patent. Therefore, even after reexamination, if only one claim remained, invalidity would continue to be an issue, and so a stay would not preserve many resources.

While a stay always has the potential to simplify the issues in the litigation to some extent, infringement and other invalidity arguments will remain. The court concludes that the issues in this case would not be sufficiently simplified to justify a stay. *See Imax Corp. v. In-Three, Inc.,* 385 F.Supp.2d 1030, 1033 (C.D. Cal. 2005)(if the stay will not reduce the number of issues, then a stay would not preserve many resources). Therefore, this factor weighs in favor of denying a stay.

---

[1] As of March 31, 2007, the average pendency of reexamination (from filing date to certificate issue date) is 23.3 months.

3. Completion of Discovery and Trial Date

Discovery is an on-going process, and the Rules of Practice for Patent Cases in the Eastern District of Texas, as well as this court's Scheduling Order, require the parties to prepare for discovery very early in the litigation. Under the circumstances of this case, the court finds that this factor is neutral.

### III. Conclusion

Based on the foregoing, this court finds that the benefits of granting Emptoris' Motion to Stay do not outweigh the burdens of delay caused by a reexamination proceeding in this case.

IT IS THEREFORE ORDERED that Defendant's Motion to Stay [Doc. #17] is **DENIED.**

So **ORDERED** and **SIGNED** this **23** day of **October, 2007.**

_____
Ron Clark, United States District Judge