IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| ARIBA, INC., § | | |
| § | | |
| *Plaintiff*, § | | |
| § | Civil Action No. 9:07-CV-90 | |
| v. § | | |
| § | | |
| EMPTORIS, INC., § | JUDGE RON CLARK | |
| § | | |
| *Defendant*. § | | |
| § | | |
| § | | |
| § | | |

## ORDER PARTIALLY GRANTING DEFENDANT'S MOTION TO AMEND ITS INVALIDITY CONTENTIONS AND GRANTING PLAINTIFF'S MOTION TO STRIKE PORTIONS OF THE EXPERT REPORTS OF MESSRS. GORDON AND KAGEL

Defendant Emptoris seeks leave to amend its Invalidity Contentions for the '114 patent and the '018 patent, alleging good cause pursuant to P.R. 3-6(b). [Doc. #132]. Plaintiff Ariba partially opposes the motion with respect to certain prior art, namely BidWare 1.x and 2.0x, collectively BidWare, and Power Exchange, which consist of two references. Ariba moves to strike the portions of Emptoris' expert testimony that refers to BidWare and Power Exchange. [Doc. #143]. Emptoris opposes the motion. The arguments are the same and the parties refer to both motions in their responses, so the court will consider both motions at this time.

Because Emptoris seeks to amend its invalidity contentions so close to trial, the court excludes any reference to BidWare or Power Exchange. The court grants the remainder of the motion which is unopposed. Further, the court grants Ariba's Motion to Strike Portions of the Expert Reports of Messrs. Gordon and Kagel and excludes references to BidWare and Power Exchange from the expert reports.

## I. Background

| | |
|---|---|
| <u>April 19, 2007</u> | Ariba filed suit against Emptoris claiming infringement of the '114 and '018 patents. |
| <u>December 6, 2007</u> | Emptoris served Invalidity Contentions. [Doc. #57]. |
| <u>February 11, 2008</u> | Emptoris served its Supplemental Invalidity Contentions pursuant to Patent Local Rule P.R. 3-3(e). |
| <u>March 2008</u> | Emptoris identified Power Exchange. Def. Mot. Amd. Invalid. Cont., p.6 [Doc. #132]. |
| <u>March 21, 2008</u> | Emptoris sent Ariba a letter styled "Emptoris Inc.'s Supplemental Notice Concerning Invalidity Contentions." Emptoris asserted an on-sale bar, but Emptoris did not mention the BidWare or Power Exchange references. Ariba objected to the notice and requested a statement of any "good cause" for altering the invalidity contentions. Emptoris responded that an official amendment would be premature because discovery was on-going. |
| <u>May 22, 2008</u> | Emptoris sent a draft Answer and Counterclaims to Ariba which included allegations that BidWare 2.0 and a version of BidWare used with a Competitive Bidding Event ("CBE") database created an on-sale bar defense to the '114 and '018 patents. This draft was never filed with the court. |
| <u>June 4, 2008</u> | Emptoris provided Ariba its Second Amended Invalidity Contentions which made no mention of BidWare or Power Exchange. |
| <u>July 11, 2008</u> | Emptoris sent Ariba a document entitled Third Amended Invalidity Contentions which contained the BidWare and Power Exchange references. |
| <u>July 14, 2008</u> | Emptoris issued expert reports which included substantial references to BidWare and Power Exchange.[1] |
| <u>July 25, 2008</u> | Emptoris moved to amend its Invalidity Contentions. |
| <u>October 15, 2008</u> | Trial is set to commence. |

---

[1] Emptoris' expert reports included twelve pages of testimony by Prof. Kagel regarding Power Exchange and forty pages regarding BidWare. Additionally, the entire twenty-three page report by Mr. Gordon discusses BidWare. Pl. Mot. Strike, p. 5 [Doc.# 143].

The parties dispute the date discovery closed. Emptoris alleges that the discovery was extended by agreement from May 21, 2008 to June 30, 2008, with certain documents to be produced and one deposition to occur after the submission of expert reports on July 14, 2008. Def. Mot. Amd. Invalid. Cont., p.6-7 [Doc. #132]. Ariba alleges that discovery closed on May 21, 2008, subject to a limited number of requests, but this did not include the continued production of prior art.[2] Pl. Mot. Strike, p. 5 [Doc.# 143]. The scheduling order indicates discovery closed on May 21, 2008, and no orders were filed with the court. When parties cannot agree, the court must ultimately look to what has been filed with the court.

## II. Discussion

A. Applicable Law

P.R. 3-6(b) provides that a party may amend its Invalidity Contentions by order of the court upon a showing of good cause. The purpose of the Local Rules is to "further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases, not to create supposed loopholes through which parties may practice litigation by ambush." *IXYS Corp. v. Advanced Power Tech., Inc.*, 2004 WL 1368860, *3 (N.D. Cal. June 16, 2004); *see also STMicroelectronics, Inc. v. Motorola, Inc.*, 307 F.Supp.2d 845, 849 (E.D. Tex. 2004).

A party cannot argue that because of its own inability and delay in understanding the divulged prior art, it possesses good cause to prepare new invalidity contentions. Accepting such an argument would encourage parties to engage in delay tactics under the guise of the inability to understand prior art and only seek expert advice late in the discovery process. One of the goals of the Federal Rules of Procedure and the Local Patent Rules is to speed up the litigation process and make it less expensive. *See Finisar v. DirecTV Group, Inc.*, 424 F. Supp. 2d 896, 901 (E.D. Tex. 2006). A party

---

[2]Evidently, from the letter provided as a reference by Emptoris, the extension of discovery appears to be relatively broad. Def. Mot. Amd. Invalid. Cont., Ex. 13 [Doc. #132].

simply cannot wait until shortly before trial to prepare its case. *Id.* Moreover, the right to amend is subject to the court's duty to avoid unfairly prejudicing Ariba "through eleventh-hour alterations." *IXYS Corp.*, 2004 WL 1368860, at *1.

A court has the inherent power to enforce its scheduling orders and to impose sanctions. Fed. R. Civ. P. 16(f). However, interpretation and enforcement of discovery provisions of the Local Patent Rules should not conflict with, and should harmonize with, the discovery provisions of the Federal Rules of Civil Procedure. *See O2 Micro Intern. Ltd. v. Monolithic Power Sys.,* 467 F.3d 1355, 1365 (Fed. Cir. 2006). Deciding whether late filed invalidity contentions should be excluded is slightly different from deciding whether evidence should be excluded for discovery violations. It is also akin to deciding whether the pleading deadlines of a scheduling order should be extended. Therefore, the court will consider the kinds of factors identified as important in making both types of decisions. *See id* at 1366; *Finisar*, 424 F. Supp. 2d at 899. A non-exclusive list of factors considered by courts includes:

1. The danger of unfair prejudice to the non-movant;

2. The length of the delay and its potential impact on judicial proceedings;

3. The reason for the delay, including whether it was within the reasonable control of the movant;

4. The importance of the particular matter, and if vital to the case, whether a lesser sanction would adequately address the other factors to be considered and also deter future violations of the court's scheduling orders, local rules, and the federal rules of procedure; and

5. Whether the offending party was diligent in seeking an extension of time, or in supplementing discovery, after an alleged need to disclose the new matter became apparent.

*See, e.g., Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 (5th Cir. 2007)(listing factors to consider for exclusion of evidence); *Roberts v. Galen of Va., Inc.*, 325 F.3d 776, 782 (6th Cir. 2003)(rule

37(c)(1) mandates that a trial court punish a party for failure to make disclosures under Rule 26, unless the violation was harmless or is substantially justified); *S & W Enters., L.L.C. v. Southtrust Bank of Alabama, N.A.*, 315 F.3d 533, 535 (5th Cir. 2003) (party seeking leave to amend a court's scheduling order must show "good cause," i.e., that the deadlines cannot reasonably be met despite the diligence of the party seeking the extension.); *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395, 113 S. Ct. 1489, 1498 (1993) (listing factors in determining excusable neglect). The court will analyze these factors under three general headings.

B.  Analysis

    1.  *Danger of unfair prejudice, reason for delay, and Emptoris' diligence*

The danger of unfair prejudice to Ariba at this point in the proceedings is high with respect to the BidWare and Power Exchange references. Ariba has proceeded through the discovery process under the assumption that Emptoris' invalidity case would be limited to what was disclosed in its December 6, 2007 Invalidity Contentions. Subsequent notices did not mention BidWare or Power Exchange until late in the process. While discovery was still open, Emptoris only mentioned BidWare 2.0 and a version of BidWare used with CBE 158 in its May 22, 2008 draft Answer and Counterclaims to Ariba, which was not filed with the court. Less than two weeks later, on June 4, 2008, Emptoris sent Ariba its second Notice on Invalidity Contentions which did not mention BidWare or Power Exchange. Not until July 14, 2008 did Emptoris spring the BidWare and Power Exchange references on Ariba, as the lion's share of its expert reports. Permitting Emptoris to amend these contentions after the close of discovery, after expert reports were due, three months from the date Emptoris admits it was able to access the BidWare databases, and less than two months until the Final Pretrial Order must be submitted on September 15, 2008 clearly prejudices Ariba's ability to adequately prepare for trial.

Emptoris was not diligent in informing Ariba of its intentions. The fact that the Emptoris fleetingly mentioned BidWare to Ariba in its May 22, 2008 draft answer and counterclaims, which was never filed, does not change this conclusion. Emptoris did not include BidWare in its Second Supplemental Notice Concerning Invalidity Contentions that was filed less than two weeks after its draft answer and counterclaims. Any reasonable attorney would conclude that they dropped their contentions. Despite Emptoris' suggestion that it alleges no additional defenses, only seeking to include additional evidence and thus does not unfairly prejudice Ariba, the court disagrees. Each new piece of prior art requires time to investigate. The mere fact that the additional prior art will pertain to the defense of invalidity, which has already been raised, matters little in terms of preparation time and prejudicial effect. Emptoris possessed the BidWare source code and the CBE database in December 2007. Ariba provided numerous documents regarding the appropriate programs to access both the source code and the database.[3] Emptoris was aware of Power Exchange since at least March 2008. Emptoris did not need to allege the BidWare and Power Exchange prior art at such a late date.

Moreover, the cases cited by Emptoris in support of its position are factually distinguishable from this case. In *Golden Hour* and *Yodlee*, fact discovery was still open when the invalidity contentions were amended. *Golden Hour Data Sys., Inc. v. Health Services Integration, Inc.*, 2008 WL 2622794 (N.D. Cal. July 1, 2008); *Yodlee, Inc. v. CashEdge, Inc.*, 2007 WL 1454259 (N.D. Cal. May 17, 2007). In *Acco Brands*, the defendants notified the plaintiff of its intention to file amended invalidity contentions but proceeded under the incorrect procedural rule, thinking they had the right

---

[3]Ariba points out numerous technical documents that identify the appropriate manner to access the databases. Pl. Mot. Strike, p. 8 [Doc. #143]. Ariba also provided information in an email exchange on March 6, 2008. Pl. Mot. Strike., p. 7 and Ex. 7 [Doc. #143]. Further, the court is inclined to believe that the file extension on the database would either make the appropriate program apparent to an expert or easily identifiable to an expert. Pl. Mot. Strike, p. 8 [Doc. #143].

to amend through Rule 3-6(b)(2), without asking the court for leave to amend, before moving under the proper rule, Rule 3-7. WL 2168379 (N.D. Cal. May 22, 2008). The defendants' intention was clearly apparent to the plaintiff, unlike in this situation. In *Trustees v. Roche Molecular Sys., Inc.*, 2008 WL 624771 (N.D. Cal. March 4, 2008), while the plaintiff waited five months to seek leave to amend its amended infringement contentions, it had already served the contentions on the defendant in a timely manner.

Emptoris offers only the explanation that Ariba was not forthcoming in discovery and its own inability to fully appreciate the prior art before the end of discovery and discussion with its expert witness. While the court will not speculate as to what the ruling would have been had Emptoris filed a motion seeking leave to amend in March or April, it does note that the prejudice to Ariba would have been much less at that point. Taken together, the degree of unfair prejudice to Ariba, the reason for the delay, and Emptoris' diligence weigh heavily against permitting Emptoris to amend its contentions in the portions objected to by Ariba.

2. *Length of delay*

Emptoris did not amend its contentions promptly after it gained access to the BidWare code. Even by Emptoris' own admission it was able to access the BidWare source code and databases by April 29, 2008, but did not move to amend its Invalidity Contentions for three months, and after the close of discovery. Also, even accepting the assertions that Emptoris did not fully appreciate the significance of the Power Exchange references until three days before expert reports were due, Emptoris waited nearly two weeks until *after* expert reports were exchanged to finally request leave to amend its invalidity contentions. This factor weighs in favor of Ariba's objection to the inclusion of the BidWare and Power Exchange references.

3. *Importance of the evidence and availability of lesser penalties*

Emptoris argues that the BidWare and Power Exchange references are vital to its defense. Emptoris alleges that BidWare 1.x anticipates all asserted claims of the '018 patent while Power Exchange anticipates all asserted claims of the '018 patent except for two, which are rendered obvious in combination with other references, and anticipates or renders obvious all the claims of the '114 patent. *See* Def. Mot. Amd. Invalid. Cont., p. 13 [Doc #132]. However, Emptoris has already identified a number of other prior art references that allegedly anticipate or render the claims of the patent obvious.

To allow Emptoris to amend its Invalidity Contentions to include BidWare and Power Exchange subject to continued discovery by Ariba is still too prejudicial as the Final Pretrial Order is due on September 15, 2008 and Final Pretrial is set for October 14, 2008. Deadline extensions are always "possible." What better way to disrupt an opponent's trial preparation than to force continued depositions and changing expert reports up to the date of trial? Parties must prepare witnesses, draft opening and closing statements, file and respond to motions in limine, prepare a copy of all exhibits for the court, and file proposed jury instructions. The Federal and Local Rules are, in part, intended to protect parties from having to prepare for trial while conducting never-ending discovery.

These references may be important and this factor may weigh slightly in favor of permitting Emptoris to amend its contentions. However, Emptoris has identified a number of other allegedly invalidating prior art references and this factor is ultimately outweighed by the prejudice to Ariba and the failure of Emptoris to provide a satisfactory explanation for its failure to seek leave to amend earlier.

IT IS THEREFORE ORDERED that Emptoris' Motion to Amend Its Invalidity

Contentions [Doc. #132] is **GRANTED IN PART**.  Emptoris may amend its Invalidity Contentions absent any reference to BidWare or Power Exchange.

    IT IS FURTHER ORDERED that Ariba's Motion to Strike Portions of the Expert Reports of Messrs. Gordon and Kagel [Doc. #143] is **GRANTED**.  Emptoris shall exclude references to BidWare and Power Exchange from its expert reports.  This includes Mr. Gordon's entire report and sections X.B.9.m, X.C., and X.D. of Professor Kagel's report, as well as the references to Power Exchange on pages 30, 35, 36, 40, 85, 90, 91, and 93 of Professor Kagel's report.

    So **ORDERED** and **SIGNED** this **9**   day of **September, 2008.**

_____
Ron Clark, United States District Judge